# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINALD S. COLE, JR.,

    Plaintiff,

  v.                                                                                 Case No. 15-CV-57

JANSSEN PHARMACEUTICALS, INC.,

    Defendant.

## ORDER

On January 16, 2015, Plaintiff Reginald S. Cole, Jr., a prisoner currently serving a sentence in a Wisconsin prison, filed this action as a 42 U.S.C. § 1983 action against a defendant he identified as "Risperdal Manufacturer." (ECF No. 1.) In his complaint, Cole alleged that he had been prescribed Risperdal for mental health issues while in prison and suffered side effects including pain and swelling of his breasts, dizziness, nausea, fatigue, head and stomach pain, breathing difficulties and vomiting blood. Cole claimed he was in need of surgery and requested damages of no less than $2.2 billion. (*Id.* at 4–6.) Construing the complaint as a product liability action against Janssen Pharmaceuticals, the assigned judge screened the complaint, granted Cole's motion to proceed without prepayment of fees, and allowed the case to proceed presumably under the court's diversity jurisdiction, although the state or states of Cole's and Janssen's citizenship are not alleged. (ECF No. 22.) Cole filed an amended complaint on May 27, 2015 that named Janssen as the defendant but still failed to allege the respective citizenship of the parties. On September 23, 2015, Janssen filed an answer to the amended complaint in which it admitted only its name and that the case was open, denied all other allegations and asserted 54 affirmative defenses. (ECF No. 58.)

The case was reassigned on March 15, 2017, and is currently before the court on several motions. Normally, the court would not proceed to decide the motions without making clear that federal jurisdiction existed, especially where, as here, the defendant has asserted the absence of such jurisdiction as an affirmative defense. (ECF No. 58 at 4.) Given the age and history of the case, the fact that Cole is likely a citizen of the state of Wisconsin, and the court's understanding from publicly available sources that Janssen is a Pennsylvania corporation with its principal place of business in New Jersey, however, the court will instead direct the parties to supplement the record with a statement setting forth their respective states of citizenship and proceed to decide the motions. Cole is instructed that federal jurisdiction in this case, if it exists, is based on 28 U.S.C. § 1332, which grants federal courts jurisdiction over cases between parties who are citizens of different states when the amount in controversy exceeds $75,000. It is clear from Cole's complaint that the amount in controversy exceeds $75,000. The issue is citizenship of the parties. "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain, so involuntary removal does not change one's domicile . . . ." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "A prisoner is a citizen of 'the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state.'" *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (quoting *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1238 (7th Cir.1993)). Cole must file a declaration setting forth the state in which he is a citizen within 21 days or this matter will be dismissed for lack of federal jurisdiction. Janssen is likewise directed to file a declaration setting forth the state or states of its citizenship within the next 21 days. Assuming this court does have jurisdiction, I will now proceed to decide the pending motions, with the exception of Cole's motion for recruitment of counsel, and the

defendant's motion for summary judgment and related motions to strike which will be addressed in a separate order.

**A. Plaintiff's Motion for Transfer**

Cole has filed a request for transfer to the Wisconsin Resource Center (WRC). (ECF No. 127.) He states that he would like to participate in programming available at the WRC, including the Paranoid Anxiety and Depression program and the Anger Management program. According to Cole, he has been diagnosed with post-traumatic stress disorder and is taking medication, and he should be housed in a mentally ill health care unit for his mental health needs. Cole states that his diagnoses are related to side effects from having taken Risperdal in the past.

As far as the court can tell, Cole seeks more treatment for his mental health needs by transferring to the WRC. However, Cole's request is distinct from his claim against the defendant and, therefore, the court cannot grant the request. *See Hashim v. Hamblin*, Case No. 14-cv-1265, 2016 WL 297465, at *4 (E.D. Wis. Jan. 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit.") (citations omitted).

Even if the claims were related, the court would be unable to grant the relief requested. Cole is in the custody of the Wisconsin Department of Corrections, which by virtue of Cole's conviction is tasked with the responsibility of confining him in one of the State's correctional institutions. The only defendant in this case is Janssen Pharmaceuticals, Inc., and Janssen has no control over where Cole is serving his sentence. Since Janssen does not have custody of Cole, the court cannot order Janssen to transfer him, and since the Wisconsin Department of Corrections is not a party, the court cannot order the Department to transfer him either. In any event, there is no indication that Cole is

not receiving treatment for his mental health issues at his current institution. To the contrary, he states that he has seen a psychiatrist and been prescribed medication. Based on the above, the court will deny Cole's motion.

**B. Plaintiff's Request for Strict Liability or 90-day Speedy Trial**

On May 26, 2017, Cole filed a request for strict liability under Wis. Stat. § 895.047 or 90-day speedy trial. (ECF No. 129.) To the extent Cole is asking the court to declare that Janssen is strictly liable for whatever damages Cole believes Janssen's product caused, he is not entitled to such relief. Cole has not established that Janssen's product is unreasonably defective and not fit for its intended use. Nor has he established that he suffered any harm from his ingestion of it. *See* Wis. Stat. § 895.047(1). These, insofar as the record shows, are disputed factual allegations. Factual disputes, assuming there is evidence to support each side, are resolved by the factfinder in a case, either a judge or jury, after each side has been given the opportunity to present the evidence bearing on the issue at a trial. No trial has yet been had in this matter and may not even be necessary. Janssen has filed a motion for summary judgment, which is essentially a motion seeking dismissal of Cole's lawsuit on the ground that he has no evidence from which a reasonable factfinder could find in his favor on one or more essential elements of his claim. Cole has yet to respond to Janssen's motion, but if it is ultimately granted, the case will be dismissed without a trial.

As for Cole's request for a "90-day Speedy Trial," there is no right to a speedy trial in civil cases. The right to a speedy trial belongs to a criminal defendant, especially one who is held in custody pending trial. 18 U.S.C. § 33161. This is not to say that civil cases should not be expeditiously resolved. *See* Fed. R. Civ. P. 1 (stating Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and

inexpensive determination of every action and proceeding"). But there is no right to have a trial within 90 days of such a request. This case was reassigned only four months ago. As already noted, currently pending before the court is Janssen's motion for summary judgment to which Cole has yet to respond. Instead, Cole has requested an extension of time in which to do so, which will be addressed below. In any event, the court declines to set this case on the trial calendar until Janssen's motion for summary judgment is decided. If the motion is denied, the court will promptly set it for trial. Cole's request to set a trial within 90 days is denied.

**C. Defendant's Motion for Leave to File Certain Exhibits in Support of Summary Judgment Under Seal**

On May 30, 2017, Janssen filed a motion to seal Cole's medical records. (ECF No. 131.) Janssen states that to support its summary judgment motion, it intends to append Cole's medical records as an exhibit. According to Janssen, many of these records contain personally identifiable and sensitive medical information, and are immaterial to the facts of this case except to demonstrate the absence of proof on an element on which Cole bears the burden of proof. (On June 1, 2017, Janssen filed Cole's medical records under seal. ECF Nos. 137–39, Exhibit A.)

Before sealing any part of the record, the court must make a determination of good cause. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999); Gen. L.R. 79(d)(3) (E.D. Wis.). Although Cole has not responded to Janssen's motion to seal, it is improper to delegate that decision to the parties by allowing them to seal whatever portions of the record they want to seal. *Id.* "The parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding." *Id.*

Janssen contends that Cole's privacy rights will be irreparably harmed if the medical records are not sealed. While Janssen acknowledges that Cole has placed his medical condition at issue in this lawsuit, it asserts that his privacy interest in the voluminous and detailed medical records, many of which are not relevant to this dispute except to demonstrate an absence of a specific fact, outweighs the public interest in access to court documents. Janssen also states that Cole will not be prejudiced by placing the records under seal because a copy of the exhibit filed under seal will be sent to him at the Waupun Correctional Institution.

The court recognizes Janssen's concerns regarding the availability of Cole's medical information in a public forum. The court concludes that good cause exists to place Cole's certified medical records under seal, but the good cause does not extend to those portions of the records so relevant to his claim that they have been cited by the parties or the court in other documents. Accordingly, Janssen's motion to file Cole's medical records under seal is granted. This does not mean, however, that the information contained in the records will not be disclosed. To the extent that the information from the medical records is incorporated into other documents filed by the parties or orders issued by this court, that information is relevant to the issues raised in the case and should be available to the public. *See Union Oil Co. of Calif. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property, . . . and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible.") (internal citations omitted).

**D. Plaintiff's Motion for Extension of Time**

On May 30, 2017, Janssen filed a motion for summary judgment seeking dismissal of Cole's claim against it. On June 28, 2017, Cole filed a motion for an extension of time in which to respond. In support of his motion for an extension of time, Cole asserts that he needs more time to obtain affidavits and declarations and to complete discovery. He also notes that he has again moved for recruitment of counsel to represent him in this action and would need counsel to assist him in responding to Janssen's motion for summary judgment.

Cole's motion for an extension is granted. He will be allowed an extension of 45 days following the court's decision on his pending motion for recruitment of counsel.

**ORDER**

**IT IS THEREFORE ORDERED** that the parties must file a declaration setting forward their respective states of citizenship within 21 days. Failure to do so will result in dismissal of this case for lack of federal jurisdiction or, in the event of Janssen's failure, some other appropriate sanction.

**IT IS FURTHER ORDERED** that the plaintiff's motion to be transferred to Wisconsin Resource Center (ECF No. 127) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for strict liability or 90-day speedy trial (ECF No. 129) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to seal certain exhibits in support of motion for summary judgment (ECF No. 131) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for an extension of time to respond to Janssen's motion for summary judgment is **GRANTED**. Plaintiff's response to the defendant's

motion for summary judgment is due no later than 45 days after the decision on his pending motion for recruitment of counsel is issued.

Dated at Green Bay, Wisconsin this 10th day of July, 2017.

        s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court - WIED