UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD S. COLE, JR.,

    Plaintiff,

v.                                                     Case No. 15-C-57

JANSSEN PHARMACEUTICALS INC.,

    Defendant.

**ORDER**

On October 26, 2016, U.S. District Court Judge Charles Clevert, the judge assigned to the case at that time, ordered plaintiff, who is representing himself, to immediately file his expert witness disclosures. Plaintiff filed an initial expert witness list on October 31, 2016. Defendant sent a letter to Cole alerting him to deficiencies with his filing. Plaintiff made additional disclosures on November 30, 2016. On December 22, 2016, defendant filed a motion to strike plaintiff's expert disclosures and to preclude plaintiff from offering opinion testimony. Judge Clevert denied that motion without prejudice on January 4, 2017.

On March 15, 2017, the case was reassigned to this Court. On May 30, 2017, defendant renewed its motion to strike plaintiff's expert disclosures and to preclude expert testimony. On July 30, defendant filed a motion to strike plaintiff's third set of expert witness disclosures, which plaintiff had filed on June 5. The Court will grant defendant's motions.

Defendant explains that none of plaintiff's expert witness disclosures meet the requirements set forth in Fed. R. Civ. P. 26(a)(2). The disclosures do not include expert reports, which defendant argues is necessary because none of the witnesses treated plaintiff and formed opinions during their

course of treatment. *See* Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 37(c)(1) states that, if a party fails to make disclosures required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified." This sanction of exclusion is automatic and mandatory unless the party can show that its violation of Rule 26(a) was either justified or harmless. *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1988). Given that plaintiff had ample opportunity to cure the deficiencies in his expert witness disclosures and given that discovery is now closed, plaintiff fails to make the showing required to avoid the sanction of exclusion.

To be clear, this order restricts plaintiff's ability to call the witnesses he identifies in his disclosures as *expert* witnesses. Plaintiff may, to the extent relevant, call these witnesses as *fact* witnesses. It is entirely possible, given plaintiff's *pro se* status, that he does not fully appreciate the differences between expert and fact witnesses. Certainly many of the summaries he provided in regards to what he anticipates the witnesses' testimony to be indicate that he plans to use them as fact witnesses.

Finally, on June 29, 2017, defendant filed an expedited motion for leave to respond to plaintiff's motion for reconsideration of the Court's denial of his motion to appoint counsel. The Court considered the defendant's response in denying plaintiff's motion for reconsideration but did not indicate that it was granting the motion for leave to respond through oversight. The motion will be granted nunc pro tunc.

**THEREFORE**, the Court **GRANTS** defendant's second motion to strike plaintiff's expert witness disclosures (ECF No. 135) and defendant's motion to strike plaintiff's third set of expert witness disclosures (ECF No. 146).

**FURTHER**, the Court **GRANTS** defendant's expedited motion for leave to respond to plaintiff's motion for reconsideration nunc pro tunc July 10, 2017. (ECF No. 144).

Dated at Green Bay, Wisconsin this  2nd  day of August, 2017.

          s/ William C. Griesbach
          William C. Griesbach, Chief Judge
          United States District Court - WIED