UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD S. COLE, JR.,

Plaintiff,

v.                                                      Case No. 15-C-57

JANSSEN PHARMACEUTICALS INC.,

Defendant.

**ORDER**

On December 12, 2017, the court issued an order granting the defendant's motion for summary judgment and dismissed this action. Plaintiff Reginald S. Cole, Jr., filed a notice of appeal on January 10, 2018. Plaintiff has now filed a motion to supplement or correct the record. He wishes to supplement the record on appeal to include a portion of a letter he claims shows he in fact did have an expert witness. The letter is apparently from the law firm Johnson Becker, PLLC, that Cole contacted. The closing paragraph, which is all Cole has submitted, invites him to contact the attorney's legal assistant if he has any questions. In his motion, Cole claims that the legal assistant is his expert witness. A legal assistant to an attorney, of course, cannot serve as an expert witness in a product liability case against a pharmaceutical company. In any event, the letter was not previously docketed in this case, and the Federal Rules of Appellate Procedure limit the record on appeal to the "original papers and exhibits filed in the district court." Fed. R. App. P. 10(a). Therefore, the court cannot permit Plaintiff to add documents to the record that were not before the trial court.

Plaintiff also filed a motion to use his release account for transcripts. An inmate's release account is maintained for the benefit of the inmate so he has funds to assist his transition to the community upon his release from prison. To allow inmates to invade their release account for other purposes would defeat the purpose of having such an account. This does not mean, however, that an indigent inmate cannot obtain a transcript of lower court proceedings needed for his appeal. Section 1915(c) of Title 28 authorizes the court to order "printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court." 28 U.S.C. § 1915(c); *see also* 28 U.S.C. § 753(f) ("Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).").

Because there was no trial or evidentiary hearing in the case, it is not clear why Plaintiff believes a transcript is needed. Although the previously assigned judge held a number of telephone conferences in the case, I did not have any hearing, telephone or otherwise, after the case was reassigned to me. The defendant's motion for summary judgment was granted on the ground that there was no genuine dispute as to any material fact and the defendant was entitled to judgment as a matter of law.

Based on the foregoing, Plaintiff's motion for an order requiring payment for transcript out of his release account is denied. If Plaintiff believes a transcript of one or more of the telephone conferences held by Judge Clevert are needed for his appeal, he should identify the hearing, explain why a transcript is needed, and make a specific request that a transcript be prepared. His motion to access his release account so he can pay is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to supplement or correct the record (ECF No. 207) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to use his release account to purchase transcripts (ECF No. 208) is **DENIED**.

Dated this  21st  day of February, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
